Josephine Linker Hart, Justice, dissenting. I respectfully dissent. The fact that the circuit judge has made what may well be a reasonable disposition of the minor children in this case does not make his decision legally correct. Nor does it excuse this court’s responsibility to preserve the rule of law.. As Justice Hugo Black stated, one of the purposes of the American Revolution was to make certain that men would be governed by law, not the arbitrary fiat of the man |fior men in power. Our ancestors’ ancestors had known the tyranny of the kings and the rule of man and it was, in my view, in order to insure against such actions that the Founders wrote into our own Magna Carta the fundamental principle of the rule of law, as expressed in the historically meaningful phrase ‘due process of law.’ In re Winship, 397 U.S. 358, 384, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (Black, J., dissenting). Justice Black further rioted that ‘“(t)he words, ‘due process of law,’ were undoubtedly intended to convey the same meaning as the words ‘by the law of the land’ in Magna Charta.’ ” Id., (quoting Murray’s Lessee v. Hoboken Land & Improv. Co., 18 How. 272, 276, 15 L.Ed. 372 (1856)). The primary function of the judicial system is to preserve the rule of law. Alexander v. State, 268 Ark. 384, 389, 598 S.W.2d 395, 397 (1980) (Fogleman, J., concurring). The law of the land regarding the disposition of children who have been found to be dependant-neglected is found in our statutes and court rules. The law of the land was not followed in the case before us. Ms. Ponder correctly notes that pursuant to Arkansas Code Annotated section 9-27-338(c) (Repl.2015), the circuit court could have ordered the disposition that it ultimately made at the December 1, 2014 permanency-planning hearing, assuming that proper, notice had been given to the parents. However, it did not — the circuit court ordered only a change in the case goal from reunification to placement with a willing relative. At the January 9, 2015 “review hearing,” Ms. Ponder indicated that she intended to appeal the change in case goal. Significantly, the permanency-planning order, which Ms. Ponder would have to appeal from, was not filed until January 12, 2015. No notice was given to the parents prior to the January 9, 2015 “review hearing” that a final disposition would be made. At the hearing, the Department of Human Services (ADHS) failed to present evidence that the relative placements that were ultimately made in this case |7were in the best interest of the children. While ADHS could have made the transcript of the permanency-planning hearing part of the record, it simply failed to do so. Accordingly, this court has no way determining if the circuit judge’s decision was proper or not. Because ADHS failed to make the transcript of the permanency-planning hearing part of the record in the subsequent “review hearing,” according to Supreme Court Rule 6 — 9(c), we cannot consider it in our review. Rule 6-9(e) states in pertinent part: of (c) Record on Appeal. (1) The record for appeal shall be limited to the transcript of the hearing from which the order on appeal arose, any petitions, pleadings, and orders relevant to the hearing from which the order on appeal arose, all exhibits entered into evidence at that hearing, and all orders entered in the case prior to the order on appeal. Thus the majority’s holding that Ms. Ponder failed to bring up a record to demonstrate error, fails to grasp the essential thrust of Ms. Ponder’s argument. She argues that the circuit court found that the disposition was in the best interest of the children without any evidence, at least without any evidence at the hearing in which the disposition was made. That explains the sparseness of the record, not the lack of diligence on the part of Ms. Ponder’s trial and appellate counsel. What we do have before us that could possibly explain the circuit judge’s rationale for his decision — “all the orders entered in the case prior to the order on appeal” raise as many questions as they answer. Regarding A.P., we know that Tamme Graham and Brian Graham, the parents of A.P.’s putative father Wesley Owens, were the temporary custodians of the child for approximately a year. At least there appears to be an effort to give a five-year-old child some stability in her life. However, the same orders show that for the previous ten months, the temporary Iscustodian of the twins E.P. and J.P., born on January 23, 2012, had been paternal aunt Teri Lum. While the circuit judge announced from the bench that Ms. Lum would receive permanent custody, the written order inexplicably granted permanent custody to Nina Ponder. Interestingly, E.P. and J.P. had been transferred to Ms. Lum’s custody after Nina Ponder and her husband James Ponder returned the children to ADHS, claiming that James Ponder’s “health issues” prevented their being able to care for the children. The written orders show that Nina Ponder was not present at the permanency-planning hearing. Moreover, at the “review hearing,” ADHS presented no evidence regarding her merits as a custodian or even if she was willing and able to carry out the duties of custodian to two very young children. It is possible that the circuit judge may have come up with the disposition that best serves the interest of the children. However, based on the record before us, this court has no way to review the circuit judge’s decision. As Justice Black noted, when a judge makes a decision that does not follow the law, “our Nation ceases to be governed according to the ‘law of the land’ and instead becomes one governed ultimately by the ‘law of the judges.’ ” In re Winship, 397 U.S. at 384, 90 S.Ct. 1068. I will not concede that due process does not matter. I would reverse and remand. Danielson, J., joins in this dissent.